In the United States District Court
for the Western District of Pennsylvania

| | |
|---|---|
| Theodore P. Alabaugh, )<br>)<br>*Plaintiff* )<br>)<br>) Civil Action No. 03-042E<br>)<br>Joanne Barnhart, )<br>Commissioner of Social Security, )<br>)<br>*Defendant* )<br>) | |

## OPINION

Pending before the Court is Plaintiff's Amended Petition for Attorney Fee Pursuant to §206(b)(1) (Doc. # 18). For the reasons stated below, Plaintiff's Amended Petition is granted in part and denied in part; it is granted to the extent it seeks the award of attorney fees but is denied to the extent it seeks an attorney fee in the amount of $ 20, 750.00.

I. Relevant Facts.

In his Amended Petition, Plaintiff's counsel is requesting that he be awarded $ 20,750.00 in attorney fees pursuant to 42 U.S.C. § 406(b)(1), based upon his calculation that he spent 31 hours working on Plaintiff's case at the Federal court level and "at least 30-35 hours" at the administrative level; counsel also emphasizes that this amount "does not take into account the added value of plaintiff's counsel's relentlessness and skill in representing the plaintiff despite strenuous resistance by the government in this civil action." See Plaintiff's Response to Defendant's Brief in Opposition to Petition for Attorney Fee Pursuant to § 206(b)(1) ("Plaintiff's Response"), pp. 2-3. Plaintiff and Plaintiff's counsel had entered into a contingent fee agreement wherein counsel's fee for federal court representation was 25% of past-due benefits.

The Commissioner argues that such an award is unreasonable because counsel only spent 31 hours working on the federal court case and an award of $20,750.00 equates to Plaintiff's counsel being paid $669.00 an hour for said representation. Defendant's Memorandum In Opposition to Plaintiff's Fee Petition Pursuant to U.S.C. § 406(b) ("Defendant's Opposition Memorandum"), p. 4. The Commissioner further argues that a reasonable attorney fee would be to pay Plaintiff's counsel $400.00 an hour for the 31 hours he worked on Plaintiff's federal court case, for a total of $12,400.00 in attorney fees. Id.

II. Applicable Law.

42 U.S.C. § 406(b) states in pertinent part:

(b) Attorney fees

(1)(A) Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment, and the Commissioner of Social Security may, notwithstanding the provisions of section 405(I) of this title, but subject to subsection (d) of this section, certify the amount of such fee for payment to such attorney out of, and not in addition to, the amount of such past-due benefits. In case of any such judgment, no other fee may be payable or certified for payment for such representation except as provided in this paragraph.

42 U.S.C. § 406(b)(1)(A). Examining § 406(b), the Supreme Court held in Gisbrecht v. Barnhart, 535 U.S. 789, 122 S.Ct. 1817 (2002), that " § 406(b) does not displace contingent-fee agreements within the statutory ceiling; instead § 406(b) instructs courts to review for reasonableness fees yielded by those agreements." Id. at 808-09, 122 S.Ct. at 1828. A district court can only award attorney fees for services rendered before the federal court; fees for services performed in administrative proceedings must be awarded by the Social Security Administration. Guido v. Schweiker, 775 F.2d 107, 107 (3d Cir. 1985). See also Id. at 110 ("[w]e hold that a

district court may set a fee under 42 U.S.C. § 406(b) only for services performed in courts-trial and appellate.").

III. Legal Analysis.

The question before us is whether the requested attorney fee, twenty-five (25%) of Plaintiff's past due benefits, or $20,750.00, is reasonable. We find that it is not a reasonable fee for counsel's representation of Plaintiff before this Court, because such a fee requires Plaintiff to pay the equivalent of $669.00 an hour for the 31 hours Plaintiff's counsel spent rendering legal services before this Court. This is an extravagant figure even taking into account "the added value of plaintiff's counsel's relentlessness and skill in representing the plaintiff despite strenuous resistance by the government in this civil action," and the additional work required due to any unfair allegations waged against Plaintiff by outside parties. See Plaintiff's Response to Defendant's Brief, 3. Indeed, even Plaintiff's counsel agrees that the significantly smaller rate of $400.00 per hour, the rate suggested by the Commissioner as a reasonable hourly rate for the work performed, is a reasonable hourly fee for his work. See Id. at p. 2.

Turning to the determination of what is a reasonable fee for counsel's representation of Plaintiff before this Court, although Plaintiff's counsel has not provided us with an affidavit setting forth the hours expended in representing Plaintiff before this Court, the parties do not dispute that Plaintiff's counsel spent 31 hours providing legal services to his client before this Court, and this is the figure the Court will use to determine a reasonable fee in this case.[1] See Plaintiff's Response to Defendant's Brief, p.2; Defendant's Opposition Memorandum, p. 2. Further, as stated above, the parties do not dispute that $400 an hour is a reasonable hourly fee

---

[1] This was the number of hours for which Plaintiff's counsel was compensated under the Equal Access to Justice Act.

for said legal services. See Plaintiff's Response to Defendant's Brief, p. 2; Defendant's Opposition Memorandum, p. 4. We agree that $400 an hour is a reasonable rate for the work Plaintiff's counsel performed before this Court. Finally, the parties are not disputing that the total past-due benefits awarded Plaintiff is at least $ 83,000.00. Accordingly, for purposes of this analysis, we will use $ 83,000.00 as the amount of Plaintiff's total past-due benefits.

Utilizing the above-listed figures, we find that Plaintiff's counsel is entitled to, as a reasonable fee and one that is "not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment, $12,400.00 ($400 an hour x 31 hours of representation for services performed in court). Accordingly, $12,400.00 shall be paid to Plaintiff's counsel for his representation of Plaintiff before this Court.

IV. Conclusion.

Pursuant to our authority under 42 U.S.C. § 406(b), we award Plaintiff's counsel $12,400.00 in attorney fees for his representation of Plaintiff before this Court. The following Order therefore is entered:

### ORDER

AND NOW, this 26th day of September, 2005, it is hereby ORDERED, ADJUDGED, AND DECREED that Plaintiff's Amended Petition for Attorney Fee Pursuant to § 206(b)(1) (Doc. # 18) is granted to the extent it seeks the award of attorney fees and is denied to the extent it seeks $ 20,750.00 in attorney fees.

It is further hereby ORDERED, ADJUDGED, AND DECREED that pursuant to 42 U.S.C. § 406(b)(1) Plaintiff's counsel shall be awarded $12,400.00 in attorney fees for his

representation of Plaintiff before this Court.

                                              */s/ Maurice B. Cohill, Jr.*
                                              Maurice B. Cohill, Jr.
                                              Senior District Judge

cc:    Karl E. Osterhout
       Marshall J. Piccinini